**PHILLIPS DAYES LAW GROUP PC**
**ATTORNEYS AT LAW**
**Suite 1500**
**3101 North Central Avenue**
**Phoenix, Arizona 85012**
**(602) 258-8900**
minute_entries@phillipslaw.com

TREY DAYES
Arizona Bar No. 020805
treyd@phillipslaw.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Blanca Bujanda, a single woman, | Case No.: |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| Everyday English School, L.L.C., an Arizona Corporation; Lilia Romo and John Doe Romo, husband and wife; Monica Espinoza, a single woman, | **(Jury Trial Requested)** |
| Defendants. | |

Plaintiff alleges:

## NATURE OF THE CASE

1.     Under the Fair Labor Standards Act ("FLSA"), employers must compensate employees for all the work that employers permit employees to perform. See 29 C.F.R. §785.11. Employers may not accept the benefits of employees performing work without compensating the employees for their work. 29 C.F.R. §785.13.

2.     Plaintiff brings this action against Defendants for unlawful failure to pay minimum wage in direct violation of the Fair Labor Standards Act. 29 U.S.C. §201, *et seq.*

3.      For at least three (3) years prior to the filing of this action, Defendants had a consistent policy and practice requiring its employees to work for less than minimum wage.

4.      For at least three (3) years prior to the filing of this action, Defendants had a consistent policy and practice of misclassifying certain employees as independent contractors.

5.      Plaintiff seeks to recover wages for hours which she was not paid minimum wage, overpayment of employment tax compensation, and an equal amount of liquidated damages, including interest, statutory penalties, attorney's fees and costs pursuant to 29 U.S.C. §216(b).

6.      Plaintiff also seeks to recover unpaid wages and an award of treble damages, including interest, statutory penalties, attorneys' fees and costs pursuant to A.R.S. §23-355 and *inter alia* A.R.S. §12-341.01.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

8.      Venue is proper under 28 U.S.C. §1391(b) because all or a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

9.      At all times material hereto, Plaintiff was and continues to be a resident of Maricopa County, Arizona.

10.     At all times material hereto, Everyday English School, LLC, was incorporated in the State of Arizona and has its principle place of business at 3342 West Catalina Drive, Phoenix, AZ 85017.

11.     At all relevant times, Plaintiff was an "employee" of Everyday English School, LLC, as defined by 29 U.S.C. §203(e)(1).

12.     The provisions set forth in 29 USC §206 and §207, respectively, of the FLSA apply to Everyday English School, LLC.

13.     At all relevant times, Everyday English School, LLC, was and continues to be an employer as defined by 29 USC §203(d).

14.     Upon information and belief, at all times material hereto, Defendant Lilia Romo was and continues to be a resident of Maricopa County, Arizona.

15.     Upon information and belief, at all times material hereto, Defendant Monica Espinoza was and continues to be a resident of Maricopa County, Arizona.

16.     John Doe Romo is the fictitious name for Lilia Romo's husband.  When his true name has been ascertained, this Complaint shall be amended accordingly.  Lilia and John Doe Romo have caused events to take place giving rise to this Complaint as to which their marital community is fully liable.

17.     Upon information and belief,  and consistent with the information found with the Arizona Corporate Commission, Defendants Romo and Espinoza are the owners of Defendant Everyday English School, LLC and make all decisions on the daily activities of the L.L.C. and make all decisions regarding pay policies for the L.L.C.

18.     Upon information and belief, at all relevant times, the annual gross revenue of Everyday English School, LLC exceeded $500,000.00.

**FACTUAL BACKGROUND**

19.     Everyday English School, LLC hired Plaintiff to work as an English tutor in

approximately April 2010.

20.     Plaintiff's duties consisted of tutoring adults in their English language skills.

21.     Upon information and belief, Everyday English School is not a state licensed education institution.

22.     Plaintiff was paid minimum wage and only received wage increases as the state minimum wage required.

23.     Plaintiff was required to attend trainings to improve teaching methods.

24.     Plaintiff was paid less than minimum wage while attending these trainings.

25.     Upon information and belief, Plaintiff was paid anywhere between $5.00 per hour to $5.00 per three (3) hours while attending required teaching methods trainings.

26.      In April 2012, plaintiff quit working as an English teacher for Everyday English School, LLC because she was not receiving any wages.

27.     Defendant misclassified Plaintiff as an independent contractor.

28.     Plaintiff's duties were services that are an integral part of Everyday English School, LLC's business.

29.     Plaintiff was a permanent employee of Everyday English School, LLC.

30.     Plaintiff made no investment in facilities and equipment.

31.     Defendants exerted complete control over Plaintiff's work which was always performed on site at the employer's facility.

32.     Plaintiff could not exercise discretion or independent judgment with regards to matters of significance.

33.     Plaintiff was required to clock in and out of work and, at times, was not allowed

to review her time records.

34. Defendants have yet to properly compensate Plaintiff for times worked.

35. Additionally, Defendants told Plaintiff that there was "no way" Plaintiff can make Defendants pay her.

36. Upon information and belief, the records concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of the Defendants.

37. Defendant's failure and/or refusal to properly compensate Plaintiff were/was willful.

38. Defendant refused and/or failed to properly disclose to or apprise Plaintiff of her rights under the FLSA.

39. Plaintiff has retained the law firm of Phillips Dayes Law Group, P.C., to represent her in this litigation and has agreed to pay a reasonable fee for the services rendered in the prosecution of this action on her behalf.

## COUNT ONE
## MISCLASSIFICATION AS INDEPENDENT CONTRACTOR

40. Plaintiff incorporates and adopts paragraphs 1 through 39 above as if fully set forth herein.

41. Plaintiff was an employee Defendants.

42. Defendants misclassified Plaintiff as an independent contractor.

43. In addition to providing Defendants with presumed justification to violate the FLSA, the misclassification also allowed Defendants not to pay employment taxes, shifting the burden onto the Plaintiff in the form of self-employment taxes.

44.     As a direct and proximate result of the misclassification, Plaintiff is entitled to compensation for payment of excess taxes and other lost benefits of the employer/employee relationship.

WHEREFORE, Plaintiffs respectfully requests that judgment be entered in their favor against Defendants:

a.   Awarding Plaintiff the difference between the amount that should have been taxed if Plaintiff was appropriately classified and the amount that Plaintiff actually paid in self-employment tax.

b.   Awarding Plaintiff liquidated damages in an amount equal to the self-employment tax award;

c.   Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

d.   For Plaintiff's costs incurred in this action;

e.   Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts set forth in subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

f.   Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full;

g.   For such other and further relief as the Court deems just and proper.

## COUNT TWO
## VIOLATION OF FAIR LABOR STANDARDS ACT §206

45.     Plaintiff incorporates and adopts paragraphs 1 through 44 above as if fully set

forth herein.

46.     Pursuant to 29 U.S.C. §206, Defendant was required to pay Plaintiff at least the amount of the federal minimum wage, when those wages were due.

47.     Defendants willfully failed and refused to pay Plaintiff at least the amount of federal minimum wage for hours the Plaintiff attended mandatory trainings for Defendants.

48.     Plaintiff is entitled to collect the difference between her received wages and the wages due, over the past three years, in an amount to be proved at trial, in addition to liquidated damages in the same amount, together with costs, disbursements and reasonable attorney fees pursuant to 29 U.S.C. §216(b).

49.     Plaintiff has been required to bring this action to recover federal minimum wages remaining due and unpaid, and statutory liquidated damages.

WHEREFORE, Plaintiff respectfully request that judgment be entered in her favor against Defendants:

a.   Awarding Plaintiff compensation in the amount due to them for unpaid minimum wages in an amount proved at trial;

b.   Awarding Plaintiff liquidated damages in an amount equal to the award;

c.   Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

d.   For Plaintiff's costs incurred in this action;

e.   Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts set forth in subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

f.   Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

g.   For such other and further relief as the Court deems just and proper.

**COUNT THREE**
**FAILURE TO PAY WAGES**

50.   Plaintiff incorporates and adopts paragraphs 1 through 49 above as if fully set forth herein.

51.   Upon information and belief, Defendants failed to pay Plaintiff "wages" as defined by A.R.S. §23-350 at rate of minimum wage while Defendant employed Plaintiff.

52.   Upon information and belief, Defendants' failure to pay Plaintiff's wages was willful, unreasonable, and in bad faith.

53.   Pursuant to A.R.S. §23-355, Plaintiff is entitled to an award of treble the amount calculated above.

54.   Pursuant to A.R.S. §23-364, Plaintiff is entitled to an award of her attorneys' fees and costs incurred in this action.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendants:

a.   Awarding Plaintiff regular compensation in the amount due to her for all of Plaintiff's time worked that was not compensated for while at work at Everyday English School, LLC.

b.   Awarding Plaintiff treble the amount calculated pursuant to the preceding paragraph.

c.   Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the

litigation pursuant to A.R.S. §23-364.

    d. For Plaintiff's costs incurred in this action.

    e. Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts set forth in subsections a and b above from the date of the payment dye for that pay period until paid in full.

    f. Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full.

    g. Ordering any other and further relief as the Court deems just and proper.

**COUNT FOUR**
**<u>FAILURE TO PAY MINIMUM WAGE</u>**

55.    Plaintiff incorporates and adopts paragraphs 1 through 54 above as if fully set forth herein.

56.    Pursuant to Arizona Revised Statutes Section 23-363, Defendant is required to pay Plaintiff at least the amount of the state minimum wage, when those wages were due.

57.    Defendants willfully failed and refused to pay Plaintiff at least the amount of the state minimum wage for hours the Plaintiff attended mandatory trainings for Defendants.

58.    Plaintiff is entitled to collect the difference between her received wages and the wages due, over the past three years, in an amount to be proved at trial, in addition to liquidated damages, together with costs, disbursements and reasonable attorney fees pursuant to Arizona Revised Statutes section 23-364.

59.    Plaintiff has been required to bring this action to recover minimum wages remaining due and unpaid, and liquidated damages.

WHEREFORE, Plaintiff respectfully request that judgment be entered in her favor

against Defendants:

    a.   Awarding Plaintiff compensation in the amount due to them for unpaid minimum wages in an amount proved at trial;

    b.   Awarding Plaintiff liquidated damages an amount equal to the award;

    c.   Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to Arizona Revised Statutes section 23-364.

    d.   For Plaintiff's costs incurred in this action;

    e.   Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts set forth in subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

    f.   Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

    g.   For such other and further relief as the Court deems just and proper.

## COUNT FIVE
## BREACH OF CONTRACT

60.     Plaintiff incorporates and adopts paragraphs 1 through 59 above as if full set forth herein.

61.     After failing to pay Plaintiff wages, Defendants entered into a written agreement (Exhibit A) with Plaintiff to pay the debt of $5,520.27 owed to her in monthly payments.

62.     The contract specific the first payment would be of $120.00, the following ten (10) payments would be of $510.00 and the last payment would be $300.00 for a complete payment period of twelve (12) months.

63.     The contract also included the following payment schedule:

| | |
|---|---|
| February 29, 2012: $120.27 | August 31, 2012: $510.00 |
| March 30, 2012: $510.00 | September 30, 2012: $510.00 |
| April 31, 2012: $510.00 | October 31, 2012: $510.00 |
| May 30, 2012: $510.00 | November 30, 2012: $510.00 |
| June 31, 2012: $510.00 | December 31, 2012: $510.00 |
| July 30 2012: $510.00 | January 31, 2013: $300.00 |

64.     The contracted was signed by Defendant Monica Espinozia, "Owner Everyday English School LLC (Payer)", Defendant Lilia Romo, "Everyday English Co-ower (Payer)", and Blanca Bujanda, "Payee", on February 6, 2012.

65.     On February 10, 2012, Defendants paid Plaintiff $14.12.

66.     On February 27, 2012, Defendants paid Plaintiff $120.27.

67.     On October 3, 2012, Defendants paid Plaintiff $1,000.00.

68.     On November 11, 2012, Defendants paid Plaintiff $30.88.

69.     On April 23, 2013, Defendants paid Plaintiff $50.00

70.     Defendants failed to make any payments pursuant to their agreement with Plaintiff or with any regularity.

71.     Defendants only paid Plaintiff $1,215.27 of what was owed to her per the reference contract.

72.     Defendants have breached the contract they entered into with Plaintiff.

73.     Plaintiff has suffered damages proximately caused by Defendants' breach of the contract.

74.     Defendants' breach of contract was willful, unreasonable, and in bad faith.

**COUNT SIX**
**<u>DECLARTORY JUDGMENT</u>**

75.    Plaintiffs incorporate and adopt paragraphs 1 through 74 above as if fully set forth herein.

76.    Plaintiffs and Defendant have a Fair Labor Standards Act dispute pending.

77.    The Court has jurisdiction to hear Plaintiffs and all similarly situated employees' request for declaratory relief pursuant to the Declaratory Judgment Act 28 U.S.C. §§ 2201-2202.

78.    Plaintiffs and all similarly situated employees may obtain declaratory relief.

79.    Defendant employed Plaintiffs and all similarly situated employees.

80.    Defendant is an enterprise covered by the FLSA.

81.    Plaintiffs were individually covered by the FLSA.

82.    Defendants misclassified Plaintiff as an independent contractor.

83.    Defendant did not rely on a good faith defense in its failure to abide by the provisions of the FLSA and failure to pay minimum wage.

84.    It is in the public interest to have these declarations of rights recorded as Plaintiff declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the FLSA.

85.    The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendants:

a.  Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices of Defendants in classifying Plaintiff as an independent contractors was an error and a violation of the FLSA.

b.  Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the minimum wage provisions of the FLSA.

c.  Awarding Plaintiff regular compensation in the amount due to her for all of Plaintiff's time worked that was not properly compensated for while at work at Everyday English School, LLC.

d.  Awarding Plaintiff treble the amount of unpaid wages to be proved at trial.

e.  In the alternative, awarding Plaintiff the amount owed to her pursuant to the agreement entered into by Plaintiff and Defendants, plus costs and interest thereon, as well as any other damages allowed by law.

f.  Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to A.R.S. §12-341.01.

g.  For Plaintiff's costs incurred in this action.

h.  Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts set forth in subsections a and b above from the date the payment is due for that pay period until paid in full.

i.  Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full.

j.  Ordering any other and further relief as the Court deems just and proper

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated: May 14, 2013                    Respectfully submitted,

**PHILLIPS DAYES LAW GROUP PC**

/s/ Trey Dayes
Trey Dayes
Arizona Bar No. 020805
Email: treyd@phillipslaw.com
Attorney for Plaintiff